SIDNEY R. WEINSTEIN, TRADING, ETC., APPELLANT, v. V. & J. REALTY AND INVESTMENT COMPANY, IMPLEADED, ETC., RESPONDENT.

Submitted May 6, 1941—Decided September 27, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Joseph J. Corn.*

For the respondent, *William S. Grimaldi.*

The opinion of the court was delivered by

PARKER, J. The action is under the Mechanics' Lien Act as recast by the revisers of 1937. *R. S.* 2:60-105, *et seq.* The claim is for plumbing and heating repairs to an existing building owned by the corporate defendant. It is claimed that defendant Smith was president of the corporation, and as such was its agent to order the work done, but we find no evidence to support the claim except parol testimony that in October, 1937, two years before the plaintiff made the repairs, Smith had signed a purchase-money mortgage as president of the respondent corporation. However, as will be seen, this question of fact is unimportant. The evidence indicated that Smith requested the defendant Capko to put the heating plant in condition, and that Capko purchased of plaintiff materials that were required and which went into the building. There was a default judgment against Smith and Capko, but the corporation respondent answered and went to trial. When plaintiff rested his case the attorney for respondent corporation moved for judgment on the ground that there was no proof of a consent in writing by the owner authorizing the doing of the work. Judgment was entered in favor of the corporation owner, and plaintiff appeals.

We think that the judgment was erroneous, and for the reason that court and counsel overlooked what seems to be a radical change in the statute by the adoption of the Revision of 1937. The act of 1898, by section 7 (*Pamph. L., p.* 540) expressly required the owner's consent in writing, even in cases of repairs, as specified in section 10 of that act. *Murphy* v. *Hussa,* 70 *N. J. L.* 381. The amending act of 1930 (*Pamph. L., pp.* 972, *et seq.*) made no change in section 7, and the substance of that section is re-enacted in *R. S.* 2:60-109, requiring written consent of the owner of the land to the erection of a building by any other person. But in

regard to repairs the act of 1930 substituted for section 10 a new section which read: "No building or land shall be liable under the provisions of this act or any acts amendatory hereof or supplementary hereto for the payment of any debt for materials furnished for the alteration or repair of such building unless the total cost of such alteration or repair shall exceed the sum of two hundred dollars ($200)."

And in *R. S.* of 1937 the matter is carried into 2:60-107 which reads: "Except as otherwise provided in this article, the property herein enumerated shall be liable for the payment of any debt contracted or owing to any person for any of the purposes herein specified, which debt shall be a lien upon such property, that is to say:

"a. Every building, together with the land whereon it stands, including the lot or curtilage whereon the same is erected, for labor performed or materials furnished for the erection, construction or completion of such building, or any alteration or repair thereof or addition thereto."

And in 2:60-108 we find certain exceptions to the above reading in part:

"The liability of the property described in section 2:60-107 of this title for the payment of debts contracted or owing for any of the purposes therein specified shall not extend to:

"a. A debt for materials furnished for the alteration or repair of a building unless the total cost of such alteration or repair exceeds two hundred dollars; * * *."

As we read this language, the effect is to abrogate the requirement of owner's consent in the former section 10: and to authorize a lien for repairs whenever the total cost exceeds $200.

The cost of material supplied by appellant, after crediting a small payment, was $394.11. This, of course, meets the $200 requirement: and it follows that plaintiff was entitled to its lien, whatever might be the authority or want of authority of Smith, to order the work.

The judgment under review is reversed, with costs, and the cause ordered remanded to the District Court with direction to enter a lien judgment for the amount of the claim with interest and costs.